J-S65013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY OLIVER KOCH | : | |
| | : | |
| Appellant | : | No. 644 MDA 2018 |

Appeal from the PCRA Order March 20, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000924-1997,
CP-41-CR-0000970-1997

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                 **FILED FEBRUARY 11, 2019**

Appellant, Barry Oliver Koch, appeals *pro se* from the order denying his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In a memorandum disposing of Appellant's first PCRA petition, this Court summarized the procedural history of this case as follows:

> On March 2, 1998, Appellant entered pleas of *nolo contendere* at the above-referenced dockets for the sexual molestation of two minors while he was babysitting.  Specifically, at docket number 97-10924, he pled to indecent assault, criminal attempt indecent exposure, and criminal attempt indecent assault, and at docket number 97-10970, he pled to indecent assault, corruption of minors, and endangering the welfare of children.  On June 17, 1998, Appellant was originally sentenced pursuant to Pennsylvania's Megan's Law (Megan's Law I).  However, on appeal to this Court we found Megan's Law I unconstitutional and remanded the cases for re-sentencing.  ***Commonwealth v. Koch***, [747 A.2d 415,] No. 1600 Harrisburg 1998 (unpublished memorandum filed October 1, 1999).

Following remand, on November 29, 1999, Appellant was re-sentenced as follows. At docket number 97-10924, Appellant received a term of imprisonment of six months to five years for indecent assault, a consecutive three months to five years for criminal attempt indecent assault and a consecutive three months to five years for criminal attempt indecent exposure. At docket number 97-10970, Appellant received a term of imprisonment of six months to five years for indecent assault, a consecutive term of three months to five years for endangering the welfare of children and a consecutive term of three months to five years for corruption of minors. This sentence was also consecutive to the sentence imposed at docket number 97-10924. The aggregate sentence for both cases was two years to thirty years and was consecutive to a Clinton County sentence of four years to twenty years, which also arose out of sexual offenses against children.

Appellant next filed a motion to modify sentence in which he asserted the maximum [sentence] was unduly excessive, which the trial court denied on December 14, 1999. Subsequently, it was discovered that there was a clerical error committed by the court reporter in the sentencing order recorded at docket number 97-10970 with respect to the sentence for corruption of minors. Thus, the trial court issued an amended sentencing order to correct the mistake on December 7, 2000. Appellant then filed a notice of appeal at docket number 97-10970 on January 24, 2001. On November 30, 2001, this Court quashed the appeal at docket number 97-10970 as untimely filed. *Commonwealth v. Koch*, 423 MDA 2001 (*per curiam* order filed November 30, 2001).

*Commonwealth v. Koch*, 867 A.2d 647, 1556 MDA 2003 (Pa. Super. 2004) (unpublished memorandum at 1-3).

Appellant filed his first PCRA petition on January 15, 2003, and counsel was appointed. The PCRA court dismissed the petition on September 2, 2003. This Court affirmed the order denying relief on November 18, 2004. *Commonwealth v. Koch*, 867 A.2d 647, 1556 MDA 2003 (Pa. Super. 2004). Appellant filed his second PCRA petition on December 7, 2016, which the PCRA

court dismissed on May 17, 2017. Appellant filed a notice of appeal on June 28, 2017, and this Court issued a *per curiam* order quashing the appeal as untimely filed. Order, 9/18/17. Appellant filed the instant PCRA petition on January 16, 2018. On March 20, 2018, the PCRA court dismissed the petition. This timely appeal followed.[1]

Appellant presents the following issues for our review:

I.   Whether the Trial Court erred when it construed the plea agreement between the parties as calling for a consecutive 2 year minimum sentence as apposed [sic] to a consecutive 2 year maximum sentence when the terms of the agreement were not specific.

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of

---

[1] We observe that Appellant's notice of appeal lists two trial court docket numbers. On June 1, 2018, our Supreme Court decided *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). Citing the official note to Pa.R.A.P. 341, the *Walker* Court prospectively determined that separate notices of appeal must be filed when convictions arise from separate dockets. However, our Supreme Court applied *Walker* prospectively from June 1, 2018, because it was "contrary to decades of case law from [the Supreme] Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, [appellate courts] seldom quashed appeals as a result." *Walker*, 185 A.3d at 977. Because *Walker* was decided after the instant appeal was filed, we will not apply it, and we decline to quash this single appeal.

record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

- 4 -

sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant was sentenced on November 29, 1999, and post-sentence motions were denied on December 14, 1999. Thus, Appellant's sentence became final on January 13, 2000, when the thirty-day period for filing a notice of appeal before this Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Therefore, Appellant had until January 12, 2001, to file a timely PCRA petition, but he did not file the instant petition until January 16, 2018. Moreover, at least with respect to the amended sentence at docket number 97-10970, even if we were to assume that the

---

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

triggering sentencing date was December 7, 2000, the instant petition is still patently untimely unless Appellant has pled and can prove that any exception to timeliness under the PCRA applies.

Our review of the certified record reflects that Appellant did not specifically raise the issue of timeliness and did not plead any exception to the timeliness requirement in his filing with the PCRA court. Thus, Appellant has not carried his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. Hence, the PCRA court did not commit any error in dismissing Appellant's petition as untimely.

In conclusion, the PCRA petition was untimely and no exceptions apply. Therefore, the PCRA court lacked jurisdiction to address any claims presented. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2019